## THE FIRST NATIONAL BANK OF WINONA

*v.*

## MARY PIERCE *et al.* Exrs.

*Filed at Ottawa May 14, 1881.*

1. PRACTICE—*time for objecting to deposition.* Where no objections to a deposition, or any part of it, are filed in the circuit court, and no motion entered to suppress or exclude the same, the party can not assign for error the admission of such deposition in evidence, although numerous objections may have been made before the officer taking the same.

2. SURETY—*release by extending time of payment.* A valid extension of the time of payment by a creditor to the principal debtor, without the consent of the surety, will release the surety.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Boone county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. Wales W. Wood, and Mr. Lloyd Barber, for the appellant:

The burden of proof was on the appellees to show clearly that Royal Pierce was a mere surety, and that the time of payment was extended for a new and valuable consideration, for a definite time, without his consent. *Warner* v. *Crane*, 20 Ill. 148; *Warner et al.* v. *Campbell*, 26 id. 282; *Woolford* v. *Dow*, 34 id. 424; *Galbraith* v. *Fullerton*, 53 id. 126; *Danforth et al.* v. *Semple*, 73 id. 170; *Myers* v. *First National Bank of Fairbury*, 78 id. 257; *Stearns et al.* v. *Sweet et al.* 78 id. 446; *Crossman* v. *Wohlleben*, 90 id. 539.

Mr. Charles E. Fuller, and Mr. William R. Dodge, for the appellees:

Where the payee of a note makes a binding agreement with the principal debtor, without the consent of the surety, to extend the time of payment, the surety will be discharged. *Crossman* v. *Wohlleben*, 90 Ill. 539; *Flynn, Exr.* v. *Mudd & Hughes*, 27 id. 323; *Warner et al.* v. *Campbell*, 26 id. 282; *White* v. *Walker*, 31 id. 422; Brandt on Suretyship, 455.

Mr. Wales W. Wood, and Mr. Lloyd Barber, for the appellant, in reply:

The extending of the time for the payment of a note is not within the ordinary duties of the president or cashier. They had no authority, by virtue of their office, to release a surety on any note owned by the bank. Morse on Banks and Banking, 134; *Cochecho National Bank* v. *Haskell et al.* 51 N. H. 122; *United States* v. *City Bank of Columbus*, 21 How. 356; *Bank of the United States* v. *Dunn*, 6 Peters, 51, (this case is cited approvingly in *United States* v. *City Bank of Columbus*); *Sandy River Bank of Farmington, Maine*, v. *The Merchants' Bank of Chicago*, 1 Bissell, 146.

Mr. Justice Mulkey delivered the opinion of the Court:

On the 15th of February, 1876, Bartlet & Pierce, and Royal Pierce, since deceased, executed to appellant, at Winona, Minnesota, their promissory note, for $2000, payable four months after date, with interest after maturity, at the rate of 12 per cent per annum. On the 25th of April, 1878, Royal Pierce died, testate, at Belvidere, Boone county, this State, his then residence, and appellees were appointed his executors. The above note, not having been paid in the lifetime of Royal Pierce, was filed by appellant in the county court of Boone county, and was there allowed as a claim against his estate. On appeal by appellees to the circuit court, the claim was disallowed, and this judgment was affirmed by the Appellate Court for the Second District, and the case now comes here by appeal from the Appellate Court.

A slight examination of the record will suffice to show that the whole controversy in the circuit court turned upon two questions of fact. It was claimed, by way of defence, that Royal Pierce executed the note in question merely as surety of Bartlet & Pierce, and that after the maturity of the note, appellant, for a valuable consideration, entered into an agreement by which the time of payment was extended. Both these facts were controverted by appellant, and upon these two issues the case was heard and determined in the circuit court, resulting adversely to appellant, and as this court is not permitted in cases of this character to review mere questions of fact, the affirmance of the judgment of the circuit court by the Appellate Court must be accepted as a final and conclusive disposition of the case upon those issues.

It is clear that both the circuit and Appellate courts must have found that Royal Pierce was a mere surety on the note, and that the time of payment had been extended by appellant, otherwise the judgment must have been the other way; and it is also clear that if both these facts are admitted, the law is with appellees. It follows, therefore, unless the circuit

court committed some error in law, which is raised by the errors assigned, the judgment of the Appellate Court must be affirmed, for no error is complained of in that court except in the mere affirmance of the judgment of the circuit court.

Upon an examination of the errors assigned in the circuit court, we find the only one sufficiently specific to present any question for our determination is the one which complains of the admission of the deposition of Wm. W. Bartlet in evidence. The record shows, that while numerous objections were made by appellant before the commissioner who took the deposition, yet there seems to have been no exception to it, or any parts of it, filed in the circuit court, or any motion entered to suppress or exclude the same, so that the court really was never called on to pass upon the objections to it. The error complained of, therefore, so far as the record shows, has no foundation in fact.

Perceiving no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*